J-S31005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TYRELL BOYD :
:
Appellant : No. 308 MDA 2020

Appeal from the PCRA Order Entered February 5, 2020
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001467-2013

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED AUGUST 25, 2020**

Tyrell Boyd appeals from the denial of his first Post-Conviction Relief Act

("PCRA") petition. After careful review, we affirm.

The PCRA court summarized the relevant factual history of this case as

follows:

> [O]n July 20, 2013, [Appellant] shot Ansari Wilson inside a
> residence at 1510 Scott Street in Williamsport, Pennsylvania. In
> the day or hours prior to the shooting, [Appellant] and Mr. Wilson
> had disagreements over money, and [Appellant] told Reginald
> Morton that he might have to "down Mook" (shoot Mr. Wilson).
> Just prior to the shooting, witnesses saw [Appellant] walking
> towards 1510 Scott Street together with another young African
> American male who was riding a bike. [Appellant] had a black
> handgun tucked inside the waist of his pants and he was talking
> on a cellular phone. These witnesses heard [Appellant] tell the
> person on the other end of the conversation that he was on the
> block, and then [Appellant] angrily said "now what" and "I don't
> play" several times. [Appellant] hung up the phone and entered
> the residence at 1510 Scott Street. Shortly thereafter, the
> witnesses heard gunshots and [Appellant] yelling "I don't play"
> and/or "I told you I don't play." [Appellant] quickly came out of

the residence, took the bike from the other individual, got on the bike, and left.

[Appellant] fled to Reginald Morton's residence where he changed his shirt before ultimately fleeing to Philadelphia.

A witness who heard the shots called 911. Police and emergency medical personnel responded to 1510 Scott Street. The police kicked in the door and found Mr. Wilson near the door lying on his back, covered in blood and gasping for air. Shortly thereafter, Mr. Wilson died from a gunshot wound to the torso.

Through their investigation, the police determined that [Appellant] was involved in the shooting and that he was on state parole. On July 22, 2013, the police contacted [Appellant's] parole agent in Philadelphia and notified the parole agent that [Appellant] was a suspect in a Williamsport homicide. Later that day when [Appellant] appeared in the Philadelphia parole office for a scheduled appointment, his parole agent contacted the Williamsport police who asked that [Appellant] be detained until their arrival. Agent Raymond Kontz of the Williamsport Bureau of Police and Lycoming County Detective Steven Sorage arrested and interviewed [Appellant] at the Philadelphia parole office.

PCRA Court Opinion, 2/5/20, at 1-3 (citations omitted).

Appellant was charged with homicide, aggravated assault, carrying a firearm without a license, person not to possess a firearm, and flight to avoid apprehension. On September 17, 2014, trial counsel filed a motion for special relief, seeking to preclude any references to Appellant having been previously incarcerated, having been on parole or probation, or having been at the state parole office in Philadelphia when he was arrested. On October 14, 2014, the trial court denied the motion, in part, explaining:

The Commonwealth shall present no evidence referencing the [Appellant] previously being incarcerated but may to the extent necessary to explain the circumstances of the alleged criminal conduct, reference [Appellant] being on supervision. The

- 2 -

> Commonwealth may not present evidence as to why [Appellant] was on supervision.

Order, 10/14/14.

On November 3, 2014, Appellant proceeded to a jury trial, wherein he was represented by Jeffrey Rowe, Esquire, and William Miele, Esquire. Appellant testified in his own defense, admitting to shooting the victim but alleging that he did so in self-defense after the victim pulled a gun on him. Nonetheless, Appellant was convicted of all charges, including first-degree murder. On December 29, 2014, Appellant was sentenced to serve an aggregate sentence of life in prison without the possibility of parole.[1] Appellant filed a post-sentence motion challenging the weight and sufficiency of the evidence for his first-degree murder conviction, which the trial court denied.

A direct appeal followed. Therein, Appellant alleged that the trial court erred by permitting the Commonwealth to enter a timeline of events into evidence, refusing to deliver a requested jury instruction regarding witness credibility, and in determining which exhibits would be given to the jury. This

---

[1] Appellant received a sentence of life without the possibility of parole for first-degree murder. On the remaining counts, the court imposed a sentence of three and one-half to seven years of incarceration for carrying a firearm without a license, five to ten years of incarceration for person not to possess firearms, and one and one-half to seven years of incarceration for flight to avoid apprehension. These sentences ran consecutively to each other but concurrently to the sentence for first-degree murder. Appellant's aggravated assault conviction merged for sentencing purposes.

Court rejected Appellant's claims and affirmed his judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal. **See Commonwealth v. Boyd**, 154 A.3d 847 (Pa.Super. 2016) (unpublished memorandum), appeal denied, 169 A.3d 1020 (Pa. 2016).

Appellant filed a timely *pro se* PCRA petition. Appointed counsel filed two amended PCRA petitions, witness certifications, and a brief in support of the petitions. In his amended PCRA petitions, Appellant raised numerous claims of ineffective assistance of counsel. The Commonwealth filed a brief in opposition. The PCRA court granted Appellant an evidentiary hearing on three of his ineffectiveness claims: (1) trial counsel was ineffective when he failed to object to references of Appellant being at the state parole office or being on parole, (2) trial counsel inadequately prepared Appellant to testify in his own defense, and (3) trial counsel failed to advise Appellant of a proposed plea agreement prior to jury selection. The court simultaneously issued a notice of its intent to dismiss the rest of Appellant's ineffectiveness claims.

On December 18, 2019, the PCRA court held an evidentiary hearing at which Appellant and both of his trial attorneys testified. At its conclusion, the PCRA court took the matter under advisement. On February 5, 2020, the PCRA court issued an order and opinion denying Appellant's petition. This appeal followed. Both Appellant and the PCRA court complied with the mandates of Pa.R.A.P. 1925.

Appellant raises the following issue for our review: "whether the court erred in finding [Appellant] has not met his burden of proof to establish ineffective assistance of counsel in counsel's failure to object to any references of [Appellant] being on parole or at the parole office when arrested?" Appellant's brief at 3.

We begin with a discussion of the pertinent legal principles. Our "review is limited to the findings of the PCRA court and the evidence of record," and we do not "disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa.Super. 2012). Similarly, "[w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions." *Id*. "[W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." *Id*.

Appellant has raised a claim of ineffective assistance of trial counsel ("IAC"). In reviewing IAC claims, counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. *See Commonwealth v. Becker*, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, a petitioner must plead and prove that: (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's decision to act (or not) lacked a reasonable basis designed to effectuate the petitioner's interests; and (3) prejudice

resulted. *Id*. The failure to establish any of the three prongs is fatal to the claim. *Id*. at 113.

Appellant argues that both of his trial counsel were ineffective when they failed to object to multiple references that were made by two Commonwealth witnesses, revealing to the jury that Appellant was on parole and arrested at the state parole office. Appellant's brief at 14-16. More specifically, Appellant points to the testimony of Williamsport Bureau of Police Detectives Steven Sorage and Kevin Stiles. *Id*. at 12-14. Detective Sorage testified about his involvement in arresting and interviewing Appellant at the state parole office in Philadelphia. N.T Jury Trial, 11/5/14, at 38-43. Detective Stiles responded to the crime scene and obtained the victim's cell phone, identifying Appellant as a suspect based on the call log and subscriber information. *Id*. at 66-80. Detective Stiles then verified that Appellant was on state parole, located the state parole office in Philadelphia, and contacted Appellant's parole officer to let him know that Appellant was a suspect in this homicide. *Id*. at 81. When Appellant came into the office for his scheduled appointment, the parole officer detained Appellant and contacted Detective Stiles, who sent Detective Sorage and another detective to interview and arrest Appellant. *Id*.

The PCRA court was not persuaded by Appellant's argument that he suffered prejudice from counsel's failure to contemporaneously object to the aforementioned parole references. The court pointed out that any attempt to object would have been futile, as it would have overruled the objection and

reiterated its ruling from the pre-trial motion. PCRA Opinion, 2/5/20, at 8.

The PCRA court then went on to explain further why Appellant failed to meet

the prejudice prong of the IAC test as follows:

> Here, the Commonwealth argued that the evidence was not harmful to [Appellant] because the fact that he appeared for a scheduled appointment in the parole office tended to negate any argument that he "fled" to Philadelphia to avoid apprehension or that his flight constituted consciousness of guilt.
>
> The court agrees that [Appellant] was not prejudiced but its reasoning is not limited to the Commonwealth's argument. In addition, the court would cite the following additional reasons.
>
> First, the references were fleeting when compared to the trial as a whole. There were brief references during the testimony of Agent Sorage and Agent Stiles on November 5, 2014. These references merely described how the law enforcement officers located and apprehended [Appellant] at the parole office in Philadelphia and how they initially interviewed him there. There were no specific or direct references to any prior criminal activity by [Appellant].
>
> Second, neither trial counsel nor the Commonwealth mentioned [Appellant's] parole status or even the word "parole" during their closing arguments.
>
> Third, and perhaps most significantly, there was ample evidence that [Appellant] shot the victim and was not acting in self-defense. Witnesses saw and heard [Appellant] arguing with the victim over money and heard [Appellant] say that he might have to "down" (kill) the victim. Other witnesses saw [Appellant] walking toward the residence where the crime occurred with another individual who was riding a bike next him.
>
> While walking, [Appellant] was speaking on his phone saying "I'm on the block, now what" and "I don't play." Witnesses saw [Appellant] enter the residence. The witnesses then heard gun shots and called 911. The 911 call was played for the jury. Police responded to the 911 call, kicked in the door of the residence, and found the victim lying on the floor covered in blood from a gunshot wound.

[Appellant] was seen leaving the area riding a bike. [Appellant] rode the bike to Reginald Morton's house, changed his shirt, and eventually fled to Philadelphia. Mr. Morton saw one gun in [Appellant's] waist band when [Appellant] was at his residence. [Appellant] also made statements that he was glad the victim was dead because if he had lived he would have told on him.

[Appellant] also made numerous inconsistent statements about the incident. The prosecutor extensively cross-examined [Appellant] with his inconsistencies.

[Appellant] initially claimed that he was in Philadelphia when the victim was killed and he had heard about it from another. [Appellant] also told Agent Sorage and Officer Kontz that a woman named "Tish" used to text the victim, and [Appellant] thought she had something to do with the victim being killed. [Appellant] denied that the victim owed him money, and he made false statements about when he arrived in Philadelphia.

Later he admitted that he shot the victim but claimed he did so in self-defense. He claimed that when he entered the residence the victim was reaching under the couch for a firearm, and then the victim stood up and moved his arm as if he was going to shoot.

The police did not find any firearms inside the residence, and [Appellant] only possessed one firearm when he was at Reginald Morton's residence.

[Appellant] claimed he took the firearm and discarded it along with the firearm he used. His statements in this regard, however, were also inconsistent in that at times he referred to multiple guns and other times he referred to a single gun.

Finally, [Appellant] was not acting in self-defense because he was the initial aggressor, he illegally possessed a firearm, and he was engaged in criminal activity or was using the residence to further criminal activity.

*Id*. at 8-11.

Upon our review of the record, we find that the PCRA court provided a well-reasoned explanation for its ruling that is supported by the testimony

given at trial and at the PCRA hearing. In addition to failing to meet the prejudice prong, Appellant has not established that counsel lacked a reasonable basis for their inaction. At the PCRA hearing, Mr. Rowe testified that he did not object because the mentions of parole were "fleeting references." N.T. PCRA Hearing, 12/18/19, at 27. Mr. Miele agreed with Mr. Rowe, and added that there was no basis to object other than that which the trial court had already rejected, pretrial.[2] *Id*. at 39-42. Accordingly, Appellant has failed to satisfy the prejudice and reasonable basis prongs of the IAC assessment.

Since Appellant has not convinced us that this issue provides any grounds for relief, we hold that the PCRA court did not abuse its discretion when it denied Appellant's PCRA petition.

_____

[2] Appellant argues that **Commonwealth v. Crispell**, 193 A.3d 919 (Pa. 2018), renders counsel's actions unreasonable. **See** Appellant's brief at 14-15. However, Appellant misconstrues the holding in **Crispell**, which actually concerns the arguable merit prong and does nothing to further Appellant's arguments. In **Crispell**, our Supreme Court found that a petitioner established the arguable merit prong of the IAC requirements, after trial counsel did not object to the Commonwealth's introduction of evidence that it apprehended Appellant to face the homicide charge in that case, after he was arrested in Tucson, Arizona for stealing a purse. *Id*. at 936-37. Since the underlying circumstances regarding the reason for Appellant's arrest in Arizona were separate and distinct from the homicide prosecution, the court held that the evidence was irrelevant and should not have been admitted. *Id*. at 937-38. In contrast, here, the Commonwealth never introduced the reasons behind Appellant's parole status. Instead, the Commonwealth limited the mention of Appellant's parole status to what was necessary to provide the jury with a complete story of the natural development of the investigation. Therefore, **Crispell** has no bearing on the outcome of this case and Appellant's reliance was misplaced.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/25/2020